**Forest D. and Anirae O. GATHRIGHT and James K. and Ruth Presnal, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. Nos. 1309 and 1371.**

United States District Court
W. D. Texas,
Austin Division.

Feb. 25, 1965.

John G. Heard, W. Dalton Tomlin, Houston, Tex., for plaintiffs.

Edwin M. Sigel, Atty., Tax Division, Dept. of Justice, Fort Worth, Tex., for defendant.

FISHER, District Judge.

This is a consolidated tax refund suit filed by Plaintiffs, Forest D. and Anirae O. Gathright and James K. & Ruth Presnal. Taxpayers seeking to recover $17,-886.07 paid as income taxes and assessed interest for the years 1954, 1955, 1956 and 1957.

The facts would indicate that for a number of years, Forest D. Gathright was a soliciting agent for Highway Insurance Company, of Austin, Texas. That on January 1, 1948, plaintiffs formed a partnership called "Gathright Insurance Agency", for the purpose of selling casualty insurance, and soliciting for various underwriters, one of which was Lloyds Alliance. In 1949, Forest D. Cathright and Mr. John Washington, the attorney-in-fact of Lloyds Alliance, agreed to an arrangement relative to the handling of claims whereby Lloyds Alliance would receive 20% of the premium on a policy and Gathright Insurance Agency would retain 80% for losses paying all claims.

A special underwriting loss fund was created whereby Gathright Insurance Agency was required to maintain in that fund sufficient assets to satisfy the reserve requirements of the insurance laws of the State of Texas. From time to

time, Plaintiffs, with the approval of Lloyds Alliance, would withdraw from the fund an amount equivalent to 20% of the total premiums charged when such withdrawals would not endanger the reserve fund. These withdrawals were profits of the plaintiffs and not Lloyds Alliance. Plaintiffs did not share in any of the profits of the 20% of the premium paid over to the general underwriters at Lloyds Alliance on policies issued by Lloyds Alliance. The agreement provides for a cancellation by giving five (5) days written notice, and in this event, Plaintiffs were required to leave in the special fund sufficient assets to cover unreported losses.

On December 31, 1953, Plaintiffs and Lloyds Alliance executed a termination agreement and in accordance with the agreement, Gathright Insurance Agency was to have returned to its partnership, after all claims were paid, the remaining assets in the fund accumulated for the purpose of paying losses; and also Gathright Insurance Agency would have returned to it the assets pledged to secure the reserve fund.

During the year 1954, taxpayers withdrew $22,250 from the loss fund; during 1955, taxpayers withdrew $21,000 from the fund; during the year 1956, taxpayers withdrew $20,101.61 from the fund; and during the year 1957, taxpayers withdrew $17,258.16 from the fund. These are withdrawals which give rise to this litigation. The Gathright Insurance Agency's partnership Federal Income Tax Return shows these withdrawals to be distributable as long-term capital gain.

The Commissioner of Internal Revenue held that the distributions were of earned premium income, thus claims were filed by Plaintiffs for refunds which were disallowed and the matter is properly before this court for disposition and the court makes the following findings of fact and conclusion of law:

## FINDINGS OF FACT

(1) This suit is for the recovery of income taxes and interest paid thereon by the plaintiffs, assessed and collected under the Internal Revenue laws of the United States.

(2) During the taxable year before the Court and at the present time, Forest D. and Anirae O. Gathright are husband and wife, residing at 5101 Lucas Lane, Austin, Texas, and James K. and Ruth Presnal are husband and wife, residing at 5000 Westview Drive, Austin, Texas.

(3) This suit is brought for the recovery of income tax and interest in the total amount of $17,886.07, plus interest as provided by law, which amount constitutes income taxes and interest which the plaintiffs allege were erroneously and illegally assessed against and collected from them by the District Director of Internal Revenue, Austin, Texas, acting as agent for the defendant, for the years 1954, 1955, 1956, and 1957.

(4) Plaintiffs, Forest D. and Anirae O. Gathright, acting for the "Gathright Insurance Agency" partnership (the Gathright Insurance Agency was a partnership composed of Forest D. Gathright, one-third, Anirae O. Gathright, one-third, and Ruth Gathright Presnal, one-third, and James K. Presnal, husband of Ruth Gathright Presnal is involved during the years before the Court because of his interest under the Texas community property law in his wife's share of the partnership) entered into a contract on January 1, 1950, with Lloyds Alliance, acting through John W. Washington, its attorney-in-fact. On that same date, Lloyds Alliance issued in the name of Forest D. Gathright and Anirae O. Gathright its Underwriters Certificate No. 26. Plaintiffs delivered to Lloyds Alliance a United States Government bond which had a cost to plaintiffs of $10,-417.86 and 70 shares of American Telephone and Telegraph Company common stock which had a cost to plaintiffs of $10,348.01 in exchange for the Underwriters Certificate. This Underwriters Certificate represented 8.4% of the ownership of the said Lloyds Alliance and entitled plaintiffs to become special underwriters of Lloyds Alliance.

(4a) The balance sheet of Lloyds Alliance on file with the State of Texas Department of Insurance as of December 31, 1951, was as follows:

## BALANCE SHEET
### As of December 31, 1951

| | Ledger Assets | Non Ledger Assets | Non Admitted Assets | Net Assets |
|---|---|---|---|---|
| **ASSETS** | | | | |
| Bonds | $ 55,000.00 | $ | $ | $ 55,000.00 |
| Stocks | 264,850.78 | | | 264,850.78 |
| Mortgage loans on real estate | 80,000.00 | | | 80,000.00 |
| Cash in office | 25.00 | | | 25.00 |
| Deposits in banks | 240,834.70 | | | 240,834.70 |
| Agents' balances | 223,763.13 | | 14,278.66 | 209,484.47 |
| Bills receivable taken for premiums | 5,061.37 | | 5,061.37 | |
| Reinsurance due on ceded business | 1,407.47 | | | 1,407.47 |
| Claim for Federal Income tax refund | 8,433.05 | | 8,433.05 | |
| Interest and dividends due and accrued | | 98.31 | | 98.31 |
| Premium notes | 7,216.92 | | | 7,216.92 |
| Working fund advances | 425.00 | | 425.00 | |
| Judgments receivable | 3,106.47 | | 3,106.47 | |
| Prepaid rent on home office | 5,250.00 | | | 5,250.00 |
| Leasehold improvements | 7,856.64 | | 7,856.64 | |
| | $903,230.53 | $98.31 | $39,161.19 | $864,167.65 |

### LIABILITIES

| | |
|---|---|
| Losses | $212,426.37 |
| Loss adjustment expenses | 10,441.34 |
| Other expenses (excluding taxes, licenses and fees) | 1,592.00 |
| Taxes, licenses and fees (excluding Federal Income taxes) | 10,564.04 |
| Unearned premiums | 274,949.83 |
| Amounts withheld or retained by Lloyds for the account of others | 4,213.06 |
| Excess of liability and compensation statutory and voluntary reserves over cash basis and loss expense reserves (Schedule P) | 44,487.74 |
| Unearned premium note interest | 265.26 |
| Advance premium deposits | 30,255.30 |
| **TOTAL Liabilities** | $589,194.94 |
| Underwriters' deposits | $ 35,408.81 |
| Guaranty Fund | 120,000.00 |
| Unassigned surplus | 119,563.90 |
| Surplus as regards policyholders | 274,972.71 |
| **TOTAL** | $864,167.65 |

(4b) The bonds shown on this balance sheet were detailed as follows:

| Description | Book Value | Market Value | Par Value |
|---|---|---|---|
| United States Government | $40,000.00 | $40,000.00 | $40,000.00 |
| Texas State Investment Co. | 15,000.00 | 15,000.00 | 15,000.00 |
| Totals | $55,000.00 | $55,000.00 | $55,000.00 |

The United States Government Bonds shown above include the $10,000 bond contributed by the taxpayers through their partnership (Gathright Insurance Agency) to Lloyds Alliance under the agreement of January 1, 1950.

(4c) The stocks shown on the balance sheet set out above were detailed as follows:

| Description | No. Shares | Market Value |
|---|---|---|
| Fidelity State Bank | 80 | $ 3,610.00 |
| Texas Casualty Insurance Company | 2,000 | 250,110.78 |
| American Telephone and Telegraph Co. | 70 | 11,130.00 |
| Totals | 2,150 | $264,850.78 |

The 70 shares of American Telephone and Telegraph Company stock were those contributed by taxpayers through their partnership (Gathright Insurance Agency) to Lloyds Alliance under the agreement of January 1, 1950.

(4d) The Guaranty Fund shown on the balance sheet set out above was owned as follows:

| Underwriter | Number of Units | Guaranty Fund |
|---|---|---|
| John W. Washington | 20.6 | $ 24,750.00 |
| Willa B. Washington | .1 | 125.00 |
| William G. Washington | .1 | 125.00 |
| Spencer J. Scott | 20.7 | 24,875.00 |
| Ann E. Scott | .1 | 125.00 |
| Morin M. Scott | 20.7 | 24,875.00 |
| Joy Manning Scott | .1 | 125.00 |
| Durrell M. Carothers | 20.6 | 24,750.00 |
| Grace F. Carothers | .1 | 125.00 |
| Mary T. Carothers | .1 | 125.00 |
| R. G. LeTourneau | 8.4 | 10,000.00 |
| Forest D. Gathright & Anirae O. Gathright | 8.4 | 10,000.00 |
| TOTALS | 100.00 | $120,000.00 |

The interest shown above for Forest D. Gathright and Anirae O. Gathright of 8.4 units and $10,000 in the Guaranty Fund was the con-

496

tribution by the taxpayers for their partnership (Gathright Insurance Agency) to Lloyds Alliance under the agreement of January 1, 1950.

(4e) The Examiner of the Insurance Department of the State of Texas in discussing the Guaranty Fund shown on the balance sheet set out above stated as follows under the caption "Statutory Deposit":

"In compliance with the provisions of Chapter 18, Article 18.10 of the Texas Insurance Code, 1951, the Lloyds Alliance has on deposit $120,000.00, through your Department, which is held by the Capitol National Bank, Austin, Texas, under a custodian's agreement.

"The above amount was verified by direct correspondence with your Department and consisted of the following securities:

| "Description | Amount |
|---|---|
| "First mortgage notes on real estate | $ 80,000.00 |
| United States Treasury, 2½% bonds, due 12–15–72/67 | 30,000.00 |
| United States Treasury, 2½% bonds, due 6–15–72/67 | 10,000.00 |
| TOTAL | $120,000.00" |

$10,000 of the United States Treasury bonds so shown was, in fact, the bond contributed by taxpayers through their partnership (Gathright Insurance Agency) to Lloyds Alliance under the agreement of January 1, 1950.

(5) Effective January 1, 1954, plaintiffs Forest D. and Anirae O. Gathright, acting for the "Gathright Insurance Agency" partnership, entered into a contract with Lloyds Alliance terminating the contract of January 1, 1950. Pursuant to said contract, the plaintiffs received for their Certificate No. 26, constituting an 8.4% interest in Lloyds Alliance, certain assets of Lloyds Alliance against which there were certain liabilities. These assets were to be and were held by Lloyds Alliance pending the expiration of the period of liability upon policies written by the plaintiffs. The actual disbursement of the sales proceeds was spread over the four taxable years involved herein.

(6) The plaintiffs reported their respective portions of the proceeds (in excess of their tax basis in Underwriters Certificate No. 26) received by the "Gathright Insurance Agency" partnership pursuant to the agreement of January 1, 1950, in the amounts of $22,250.00, $21,-000.00, $20,101.61 and $17,258.16, in the years 1954, 1955, 1956 and 1957 respectively, as long term capital gains for Federal income tax purposes.

(7) The defendant, acting through the District Director of Internal Revenue, Austin, Texas, determined that the entire amounts so received by plaintiffs, pursuant to said contract effective January 1, 1950, were taxable as ordinary income in the year received, and not as long term capital gain, and asserted the tax deficiencies, together with interest thereon, against the plaintiffs, which amounts were collected from the plaintiffs and which amounts constitute the basis of their suits for refund herein. These asserted tax deficiencies together with the asserted interest due thereon, were fully paid by plaintiffs on or about April 1, 1959, with respect to the deficiencies asserted against plaintiffs for the years 1954, 1955, and 1956; on or about August 2, 1960, September 15, 1960, and November 2, 1960, with respect to the deficiencies assessed against plaintiffs, James K. and Ruth Presnal, for the year

1957; and on or about August 18, 1960, with respect to the deficiencies assessed against plaintiffs, Forest D. and Anirae O. Gathright, for the year 1957.

(8) On or about March 14, 1960, plaintiffs filed with the District Director of Internal Revenue, Austin, Texas, acting for defendant, claims for refund of sums alleged by plaintiffs to have been illegally, erroneously, and excessively collected from the plaintiffs for the taxable years 1954, 1955, and 1956. Each of these claims was timely filed on United States Treasury Form 843 in accordance with and in compliance with the applicable provisions of the Internal Revenue Code of the United States, and the regulations duly promulgated thereunder by the Secretary of the Treasury of the United States.

(9) On or about November 25, 1960, plaintiffs James K. and Ruth Presnal, and on or about August 6, 1962, plaintiffs Forest D. and Anirae O. Gathright, filed with the District Director of Internal Revenue, Austin, Texas, acting for defendant, claims for refund of the sums alleged by the plaintiffs to have been illegally, erroneously, and excessively collected from the plaintiffs for the taxable year 1957. Each of these claims was timely filed on United States Treasury Department Form 843 in accordance and in compliance with the applicable provisions of the Internal Revenue Code of the United States and the regulations duly promulgated thereunder the Secretary of the Treasury of the United States.

(10) On September 2, 1960, defendant acting through the District Director of Internal Revenue, Austin, Texas, mailed to the plaintiffs by registered mail, notices of disallowance of their claims for refund for the years 1954, 1955, and 1956; and on May 5, 1961, the defendant, again acting through the District Direc-

tor of Internal Revenue, Austin, Texas, mailed to plaintiffs, James K. and Ruth Presnal, by registered mail, notices of disallowance of their claims for refund for the year 1957; and more than six months have elapsed since the plaintiffs Forest D. and Anirae O. Gathright, filed their claims for refund for the year 1957.

(11) No portion of the amounts claimed by plaintiffs in their claims for refund has been credited, remitted, refunded, or repaid in any manner to plaintiffs.

## CONCLUSIONS OF LAW

(1) This suit, for the recovery of income taxes and interest thereon assessed and collected pursuant to the Internal Revenue laws of the United States, is within the jurisdiction of this Court. Title 28, U.S.Code, § 1346(a) (1).

(2) The ownership interest in Lloyds Alliance represented by Underwriters Certificate No. 26 is not the equivalent of a capital stock interest in a corporation; therefore, the relinquishment of said certificate under the provisions of the agreement of January 1, 1950, was not a sale or exchange of a capital asset.

(3) The plaintiffs' relinquishment of their rights under their agreement with Lloyds Alliance does not constitute a sale of a contractual right which was a capital asset.

(4) The amounts of $22,250.00, $21,000.00, $20,101.61 and $17,258.16 received by plaintiffs as withdrawals in 1954, 1955, 1956 and 1957, were actually distributions of premium income, and thus constitute ordinary income.

The plaintiffs are not entitled to refunds from defendant, and all claims for refunds filed by plaintiffs are refused.

Judgment is accordingly rendered for the defendant.